**BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE SINGLE-SERVE COFFEE ANTITRUST LITIGATION | MDL DOCKET NO. _____ |

**MOTION OF PLAINTIFF NEY SILVERMAN INSURANCE ASSOCIATES, LLC
FOR THE TRANSFER OF RELATED ACTIONS TO THE SOUTHERN DISTRICT OF
NEW YORK FOR COORDINATED OR CONSOLIDATED
PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

Plaintiff Ney Silverman Insurance Associates, LLC in the action captioned *Ney Silverman Insurance Associates, LLC v. Keurig Green Mountain, Inc., et al.*, Case No. 14-cv-01671 (S.D.N.Y. Mar. 11, 2014) (the "Ney Silverman Action"), moves the Judicial Panel on Multidistrict Litigation, pursuant to 28 U.S.C. § 1407, for transfer and coordination or consolidation of the actions listed on the Schedule of Actions to the Southern District of New York.

To date, there have been six antitrust class actions filed against identical Defendants – Keurig Green Mountain, Inc., Green Mountain Coffee Roasters, Inc. and Keurig, Incorporated (collectively "Green Mountain" or "Defendants")[1] – alleging that the Defendants unlawfully monopolized the market for single-serve coffee in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2. Plaintiff in the Ney Silverman Action is aware of the following five other related

---

[1] Certain of the actions name only Green Mountain Coffee Roasters, Inc. and Keurig, Incorporated as defendants. On March 10, 2014, Green Mountain Coffee Roasters, Inc. changed its name to Keurig Green Mountain, Inc. Keurig Green Mountain, Inc. is also successor to Keurig, Incorporated. *See* Notice of Appearance, *TreeHouse Foods, Inc., et al. v. Green Mountain Coffee Roasters, Inc., et al.*, Case No. 14-cv-00905 (S.D.N.Y. Mar. 10, 2014), ECF No. 14.

class actions: *Hoyer v. Green Mountain Coffee Roasters, Inc., et al.*, Case No. 14-cv-01609 (S.D.N.Y. Mar. 10, 2014); *Rocker v. Green Mountain Keurig, Inc., et al.*, Case No. 14-cv-01716 (S.D.N.Y. Mar. 12, 2014); *Constantino v. Keurig Green Mountain, Inc., et al.*, Case No. 14-cv-01836 (S.D.N.Y. Mar. 17, 2014); *Major v. Keurig Green Mountain, Inc., et al.*, Case No. 1:14-cv-00348-UNA (D. Del. Mar. 19, 2014); and *Rizzo v. Keurig Green Mountain, Inc., et al.*, Case No. 1:14-cv-11030 (D. Mass. Mar. 19, 2014) (together, with the Ney Silverman Action, the "Class Actions"). Additionally, two competitor actions asserting the same allegations have been filed against Green Mountain: *TreeHouse Foods, Inc., et al. v. Green Mountain Coffee Roasters, Inc., et al.*, Case No. 14-cv-00905 (S.D.N.Y. Feb. 11, 2014) and *JBR, Inc. vs. Keurig Green Mountain, Inc., et al.*, Case No. 2:14-cv-00677-KJM-CKD (E.D. Cal. Mar. 13, 2014) (the "Competitor Actions") (together, with the Class Actions, the "Related Actions").[2]

    1.    The Related Actions involve one or more common questions of fact as required by 28 U.S.C. § 1407. Common questions of fact are:

    (a)    Whether the United States market for Single-Serve Brewers[3] constitutes a Relevant Market;

    (b)    Whether the United States market for Portion Packs[4] constitutes a Relevant Market;

    (c)    Whether the United States market for Compatible Cups[5] constitutes a Relevant Market;

---

[2] Plaintiff believes that transfer of the Competitor Actions to a single district for coordination, not consolidation, of pretrial proceedings with the Class Actions is most appropriate.

[3] Single-Serve Brewers are brewers that brew a single serving or portion pack of coffee or another beverage ("Portion Pack").

[4] All but two of the complaints in the Related Actions assert that the Portion Pack market is a Relevant Market.

   (d) Whether Green Mountain possesses monopoly power in these three Relevant Markets;

   (e) Whether, through the unlawful conduct alleged herein, Green Mountain willfully acquired, maintained, or enhanced its monopoly power in the three Relevant Markets;

   (f) Whether Green Mountain monopolized the three Relevant Markets by engaging in unlawful exclusionary conduct to acquire, maintain, or enhance its monopoly power in the three Relevant Markets;

   (g) Whether, and to what extent, Green Mountain's conduct caused injury to the business or property of plaintiffs and the members of the class in the Related Actions;

   (h) The effect of the alleged monopolization on the prices of K-Cups sold in the United States;

   (i) The appropriate injunctive and related equitable relief; and

   (j) The appropriate measure of damages sustained by the plaintiffs and other members of the class in the Related Actions.

 2. As a consequence, transfer of the Related Actions for coordination or consolidation will prevent duplication of discovery, eliminate the possibility of conflicting pretrial rulings, and conserve judicial resources.

 3. The United States District Court for the Southern District of New York is the most appropriate forum for coordination or consolidation of the Related Actions for the following reasons:

---

[5] Green Mountain manufactures k-cups ("K-Cups"), which are Portion Packs specifically designed for use in K-Cup Single-Serve Brewers ("K-Cup Brewers"). Compatible Cups include both K-Cups and other cups designed by Keurig's competitors for use in K-Cup Brewers.

    (a) The Southern District of New York is the venue where the first-filed and vast majority of the Related Actions are pending;

    (b) The Southern District of New York is convenient and accessible for all parties and potential witnesses in the Related Actions;

    (c) The Southern District of New York has considerable expertise in dealing with issues presented by complex, multidistrict litigation, especially antitrust litigation, and all the resources needed to provide the prompt and efficient management of the Related Actions; and

    (d) Judge Vernon S. Broderick, who is currently presiding over four of the five Related Actions filed in the Southern District of New York,[6] does not presently have a multidistrict litigation action on his docket and, thus, has the time and resources necessary to efficiently preside over the Related Actions.

Accordingly, Plaintiff in the Ney Silverman Action respectfully requests that the Judicial Panel on Multidistrict Litigation issue an Order transferring all Related Actions to the Southern District of New York for coordinated or consolidated pretrial proceedings.

Dated: March 20, 2014

              Respectfully submitted,

              */s/ Kellie Lerner*
              Kellie Lerner
              Hollis Salzman
              Bernard Persky
              **ROBINS, KAPLAN, MILLER**
              **& CIRESI L.L.P.**
              601 Lexington Avenue

---

[6] The fifth, only filed three days ago, has not yet been assigned to a judge. However, it was filed as related to the Competitor Action currently before Judge Broderick in the Southern District of New York, and is thus also likely to be transferred to Judge Broderick.

New York, NY 10022
Telephone:  (212) 980-7400
Facsimile:  (212) 980-7499
klerner@rkmc.com
hsalzman@rkmc.com
bpersky@rkmc.com

K. Craig Wildfang
Thomas J. Undlin
Stephen P. Safranski
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402-2015
Telephone:  (612) 349-8500
Facsimile:  (612) 339-4181
kcwildfang@rkmc.com
tjundlin@rkmc.com
spsafranski@rkmc.com

John Zaremba
**ZAREMBA BROWNELL & BROWN PLLC**
The Trump Building
40 Wall Street 27th Floor
New York, NY 10005
Telephone:  (212) 380-6700
jzaremba@zbblaw.com

*Counsel for Plaintiff Ney Silverman Insurance Associates, LLC and the Proposed Direct Purchaser Class*