BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| **IN RE KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEEE ANTITRUST LITIGATION** | **MDL DOCKET NO. 2542** |

**INTERESTED PARTIES SHIRLEY SCHROEDER, CONSTANCE WERTHE, AMY GRAY AND ARMANDO HERRERA'S RESPONSE IN OPPOSITION TO MOTIONS TO TRANSFER ACTIONS PURSUANT TO 28 U.S.C. § 1407 FOR CONSOLIDATED PRETRIAL PROCEEDINGS**

Pursuant to 28 U.S.C. §1407 and Rule 6.2(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, plaintiffs Shirley Schroeder, Constance Werthe, Amy Gray, and Armando Herrera, the named plaintiffs in the cases captioned, *Schroeder et al v. Keurig Green Mountain et al.* (Case No. 3:14-cv-678, S.D. Cal.) and *Gray et al v. Keurig Green Mountain et al*. (Case No. 3:14-cv-696, S.D. Cal.) (the "Indirect Purchaser Plaintiffs" and "Indirect Purchaser Actions" respectively),[1] hereby submit this interested party response to the pending motions to transfer noticed by the Clerk of the Judicial Panel on Multi-District Litigation ("JPML") in the action captioned above. The Indirect Purchaser Plaintiffs support the coordination of all related indirect purchaser actions – but only indirect purchaser class actions – for pretrial proceedings, and argue that the indirect purchaser actions should remain in the Southern District of California. The Indirect Purchaser Plaintiffs oppose transfer of the Indirect Cases to the same Court as any of the Competitor Actions (defined below) or the Direct Purchaser Actions (defined below). These other cases have significant differences to the Indirect

---
[1] The Indirect Purchaser Plaintiffs filed their Notice of Related Action and attached complaint with the Panel concurrently on April 10, 2014.

Purchaser Actions, differences which will change the timelines of each group of cases, and render transfer ineffective to the purpose of judicial efficiency. A single centralization order would be certain to place high barriers to the efficient revolution of the Indirect Cases. The Indirect Cases do not envision any difficulty with coordination of pre-trial discovery. Lead counsel in each case and/or the several judges could efficiently coordinate the discovery with a view to the separate needs of these cases by communicating among themselves.

I.  INTRODUCTION

On March 24, 2014 and March 26, 2014, the Indirect Purchaser Plaintiffs filed their complaints against Keurig Green Mountain, Inc. and its wholly-owned subsidiary Keurig, Inc. ("Keurig" or the "Company") in the United States District Court for the Southern District of California (the "Indirect Purchaser Complaints"). As related cases, the Indirect Cases have been assigned to Judges Dana Sabraw and William Hayes, respectively. There are approximately 12 other actions filed in at least four other districts and brought to the attention of the JPML by notice, motion, or response (together, the "Other Actions").

The presently filed Keurig Antitrust actions fall into three categories: "Competitor Actions" (*TreeHouse Foods, Inc. et al v. Green Mountain Coffee Roasters, Inc.* (Case No. 1:14-cv-905, S.D.N.Y., filed Feb. 11, 2014), *JBR, Inc. v. Keurig Green Mountain Inc.* (Case No. 2:14-cv-677, E. D. Cal., filed Mar. 13, 2014)); Direct Purchaser Actions (*Richard Constantino v. Keurig Green Mountain, Inc. et al.* (Case No. 1:14-cv-1836, S.D.N.Y., filed Mar. 17, 2014))[2],

---

[2] Note that the complaint filed by Plaintiff Richard Constantino ("the Constantino Complaint") alleges that he purchased K-Cups "directly from Green Mountain, or indirectly from a distributor or retailer." (Constantino Complaint at ¶13.) However, the Constantino complaint does not allege violations of California state law that would allow him to claim indirect purchaser causes of action, and, as such, appears to be claiming a cause of action solely as a direct purchaser plaintiff.

*Cusimano Carstar Collison, Inc. et al v. Keurig Green Mountain et al* (Case No. 1:14-cv-1963, S.D.N.Y., filed Mar. 20, 2014), *Judy Hoyer v. Green Mountain Coffee Roasters et al* (Case No. 1:14-cv-1609, S.D.N.Y., filed Mar. 10, 2014), *Linda Major v. Keurig Green Mountain et al* (1:14-cv-348, D. Del., filed Mar. 19, 2014), *Ney Silverman Insurance Associates, LLC v. Keurig Green Mountain et al* (Case No. 1:14-cv-1671, S.D.N.Y., filed Mar. 11, 2014), *Sally Rizzo v. Keurig Green Mountain et al.* (Case No. 1:14-cv-11030, D. Mass., filed Mar. 19, 2014), *Henry A. Rocker v. Green Mountain Keurig, Inc. et al* (Case No. 1:14-cv-1716, S.D.N.Y., filed Mar. 12, 2014), *Jeffrey Rosen v. Keurig Green Mountain et al* (Case No. 1:14-cv-2255, S.D.N.Y., filed Apr. 1, 2014), *David Rosenthal v. Keurig Green Mountain, Inc.* (Case No. 1:14-cv-2219, S.D.N.Y., filed Mar. 28, 2014), and *Todd W. Springer v. Keurig Green Mountain et al* (Case No. 14-cv-2267, S.D.N.Y., filed Apr. 1, 2014); and the aforementioned Indirect Purchaser Actions (*Shirley Schroeder et al v. Keurig Green Mountain et al* (Case No. 3:14-cv-678, S.D. Cal., filed Mar. 24, 2014) and *Amy Gray et al v. Keurig Green Mountain et al* (Case No. 3:14-cv-696, S.D. Cal., filed Mar. 26, 2014) .

On March 20, 2014, plaintiff Ney Silverman Insurance Associates, LLC ("Ney Silverman") filed a Motion to Transfer the Keurig Actions to the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* Dkt. No. 1.

## II. ARGUMENT

### A. The Objectives of 28 U.S.C. § 1407 Do Not Support Centralization

28 U.S.C. §1407(a) authorizes the Judicial Panel on Multidistrict Litigation to consolidate and coordinate pre-trial proceedings "for the convenience of parties and witnesses" and to "promote the just and efficient conduct of such actions." Further, it allows the Panel to "separate

any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded."

Competitor Actions and Direct Purchaser Actions will be likely to follow significantly different paths to the Indirect Purchaser Actions. Their claims and damage issues are clearly completely different, even if there are overlapping facts.

The Direct Purchasers brought through the Keurig website (these appear to be all the direct purchasers alleging claims against Keurig).[3] They are likely to face significant choice of law and class action waiver questions as a result of accepting Keurig's Terms of Use (attached hereto as Exhibit A) in creating an account to use Keurig's website. This contract, among other things, requires that purchasers of Keurig's single-serve packs litigate exclusively in Delaware (*see* Ex. A at 7); that they be subject to Delaware law (*Id.*) and that they waive their right to participate in a class action (*Id.*). Indirect Purchaser Plaintiffs take no position on the validity of any of these provisions as applied to direct purchasers. It could take some time for these questions to be litigated and determined by the courts. The Indirect Purchasers are not parties to this contract and are clearly not subject to the limitations it purports to impose.

As a result, Direct Purchasers are likely to spend considerable time in the initial stages of the litigation pursing these issues which will not be issues common to the class (or possible classes) of indirect purchasers. The Direct Purchaser Actions may not even get discovery until these issues are resolved. A single judge managing both the direct and indirect cases would then be urged to stay discovery proceedings to the Indirect Purchaser Plaintiffs until the Direct

---

[3] Keurig also maintains one storefront in the city of Burlington, Massachusetts. To date, however, none of the filed direct purchaser complaints allege that the Keurig K-cups bought by direct purchasers were bought at the Keurig Store in Burlington, Massachusetts, while several allege that the direct purchaser plaintiffs bought their cups through the Keurig website.

Purchaser Actions resolved or otherwise hold up the prosecution of the Indirect and/or Competitors Actions. The most efficient path of litigation, both for the indirect purchasers and U.S. District Court system, is clearly to consolidate the indirect purchasers into a litigation separate from the competitors or the direct purchasers.

Likewise, the Competitor Actions present a different schedule and a different picture. The Competitive actions are brought by horizontal competitors of Keurig. In those cases, the competitors have been able to develop evidence without discovery due to their business relationships. They will almost certainly need far fewer documents, depose far fewer witnesses; and they will have no need to take class certification discovery or ultimately to litigate a class motion. Clearly, each competitor would focus only on its own damages. The Competitor Actions may be ready to move at a still faster pace. Centralizing these actions with the class cases is likely to produce no notable judicial economy without operating as a brake on the competitors' ability to move their litigation forward.

### B. The U.S. District Court for the Southern District of California is Well-Equipped to Handle MDL-Style Litigation and Is Uniquely Qualified to Handle This Particular Litigation

Nevertheless, should the Panel conclude that transfer is both fair and efficient; the litigation should be centralized, if anywhere, in the Southern District of California. 28 U.S.C. §1407 also guides the Panel's determination of the appropriate district to coordinate pre-trial proceedings in the Related Actions. Here, the Southern District of California is the best of the proposed transferee venues. It has a strong nexus to the litigation due to the nearby presence of the important Rogers witnesses in California (from the competitor claim *JBR, Inc. v. Keurig Green Mountain Inc.* (Case No. 2:14-cv-677, E. D. Cal., filed Mar. 13, 2014)), and the familiarity of the Court with the substantive law of consumer protection under California Business and Professions Code §§17200 and similar state statutes.

Keeping the Indirect Purchaser Actions in the Southern District of California best promotes and serves the convenience of the parties and witnesses, and if transfer of the other Actions is to be made to a single District, it is to that District that the Indirect Purchaser Plaintiffs urge the Panel that they be sent for the most efficient management of the Actions. *See* 28 U.S.C. §1407(a).

### 1. California is Home to the Largest Number of Class Members in the 15 Actions

The fact that more Class members reside in California than any other state is relevant because witness proximity is an important factor in choosing a transferee court. *See In re Nickelodeon Consumer Privacy Litig.,* 949 F. Supp. 2d 1377 (J.P.M.L. 2013). [The protections offered to indirect purchasers for harm to competition are state-by-state. Only the Indirect Purchaser Plaintiff actions exclusively plead claims of this kind.] All of the plaintiffs thus far pursuing indirect claims are California residents, and the most populous state that offers such protections in its laws is California. Therefore, the weight of the indirect purchaser class is in California.

In addition, transfer to the Southern District of California will lodge the case with the Court most familiar with the underlying state law affecting the largest number of Class members and the Court's application of well developed Ninth Circuit case law regarding principles of class certification is most likely to promote fairness to the largest percentage of absent Class members.

### 2. The Judges in the Southern District of California Are Well-Qualified to Preside over MDLs

The Southern District of California has not received a multi-district litigation since December 2011, as compared to the Southern District of New York, which received seven in 2013 alone. As such, there will be relatively little strain on the Southern District of California's

resources to handle this case. In addition, the Southern District of California has fewer than 6,000 pending cases (as of December 31, 2013) where Southern District of New York has more than 18,000 (also as of December 31, 2013). Further, only 16% of the Southern District of California's cases are more than three years old, as compared to more than a quarter of the Southern District of New York's. Lastly, the median time from filing to trial for cases in the Southern District of California is 30.8 months versus 32.4 in the Southern District of New York (*see* Federal Court Management Statistics for U.S. District Courts, available at http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics/district-courts-december-2013.aspx, last accessed April 9, 2014.)

The Southern District of New York is clearly a redoubtable bench, full of sophisticated and capable jurists, and Indirect Purchaser Plaintiffs do not object to that forum if for some reason the Panel believes that the cases should be centralized somewhere other than the Southern District of California. Because of its very sophistication and reputation, however, the Southern District of New York has been tapped over and over for multidistrict litigations, and appears to the Indirect Purchaser Plaintiffs to be at or beyond its capacity to take and speedily move still another. .

### 3. The Convenience and Accessibility of the District Support its Suitability as the Transferee Forum for the Related Actions

San Diego is the 8th largest city in the United States with an international airport that handles more than 17,000,000 passengers per year (*see* http://www.san.org/sdia/at_the_airport/education/airport_statistics.aspx, last accessed April 9, 2014). San Diego International Airport features nonstop service to Boston, New York City, Chicago, San Francisco, Washington DC, and other major cities. Indeed, end jurisdiction for the cases is on one coast or another. Transportation is not the issue. Additionally, as a frequent

7

business destination, and the site of one of the country's largest naval bases, San Diego has numerous hotels and business facilities that make travel to and from the city convenient for counsel and for witnesses.

Additionally, Keurig Green Mountain maintains a major production facility in Castroville, California, less than 500 miles from San Diego.

## III. CONCLUSION

For the reasons set forth above, the Indirect Purchaser Plaintiffs respectfully request that the Panel enter an Order coordinating the related Keurig actions together with any similar actions subsequently filed or removed and transferring the cases to the Southern District of California.

Dated April 10, 2014

/s/ Fred Taylor Isquith
Fred Taylor Isquith
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016
Tel: (212) 545-4600
Fax: (212) 686-0114

***Attorney for Plaintiffs Shirley Schroeder, Constance Werthe, Amy Gray, and Armando Herrera***

BEFORE THE
UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| IN RE KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEEE ANTITRUST LITIGATION | MDL DOCKET NO. 2542 |
|---|---|

## PROOF OF SERVICE

I hereby certify that a copy of foregoing *Interested Parties Shirley Schroeder, Constance Werthe, Amy Gray and Armando Herrera's Response in Opposition to Motions to Transfer Actions Pursuant to 28 U.S.C. § 1407 for Consolidated Pretrial Proceedings*, which was initially filed on April 10, 2014, was re-filed on today's date and served through the CM/ECF system on all counsel of record as well as any additional interested parties listed below.

Dated April 29, 2014

/s/ Fred Taylor Isquith
Fred Taylor Isquith
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016
Tel: (212) 545-4600
Fax: (212) 686-0114
isquith@whafh.com

| | |
|---|---|
| Via Electronic Mail<br>Wendelynne J. Newton<br>Buchanan Ingersoll & Rooney PC<br>301 Grant Street, 20th Floor<br>Pittsburgh, PA 15219<br>Tel: (412)-562-8932<br>Fax: (412)-562-1041<br>wendelynne.newton@bipc.com<br><br>*Counsel for Defendant Keurig Green Mountain, Inc., (f/k/a Green Mountain Coffee* | Via Electronic Mail<br>George S Cary<br>Leah Brannon<br>Cleary Gottlieb Steen & Hamilton LLP<br>2000 Pennsylvania Avenue, NW Washington, DC 20006<br>Tel: (202)-974-1920<br>Fax: (202) 974-1999<br>gcary@cgsh.com<br>lbrannon@cgsh.com<br>*Counsel for Defendant Keurig Green* |

| | |
|---|---|
| *Roasters, Inc., and as successor to Keurig, Incorporated), Green Mountain Coffee Roasters, Inc., Keurig, Inc* | *Mountain, Inc., (f/k/a Green Mountain Coffee Roasters, Inc., and as successor to Keurig, Incorporated), Green Mountain Coffee Roasters, Inc., Keurig, Inc.* |
| Via Electronic Mail<br>Landon Y. Jones<br>Buchanan Ingersoll & Ingersoll PC<br>50 South 16th Street, Suite 3200<br>Philadelphia, PA 19102<br>Tel: (215)-665-3929<br>Fax: (215)-665-8760<br>landon.jones@bipc.com<br>*Counsel for Defendant Keurig Green Mountain, Inc., (f/k/a Green Mountain Coffee Roasters, Inc., and as successor to Keurig, Incorporated), Green Mountain Coffee Roasters, Inc., Keurig, Inc* | Via Electronic Mail<br>Lev Louis Dassin<br>Cleary Gottlieb<br>One Liberty Plaza New York, NY 10006<br>Tel: (212) 225-2790<br>Fax: (212) 225-3999<br>ldassin@cgsh.com<br>*Counsel for Defendant Keurig Green Mountain, Inc., (f/k/a Green Mountain Coffee Roasters, Inc., and as successor to Keurig, Incorporated), Green Mountain Coffee Roasters, Inc., Keurig, Inc.* |
| Via Electronic Mail<br>Donald Alan Migliori<br>Motley Rice LLC<br>321 South Main Street<br>Providence, RI 02903<br>Tel: (401)-457-7700<br>Fax: (401)-457-7708<br>dmigliori@motleyrice.com<br>*Counsel for Plaintiff Judy Hoyer, S.D.N.Y., 1:14-cv-01609-VSB* | Via Electronic Mail<br>Lauren Lee Fornarotto<br>McKool Smith<br>One Bryant Park<br>47th Flr<br>New York, NY 10036<br>Tel: (212)-402-9400<br>Fax: (212)-402-9444<br>lfornarotto@mckoolsmith.com<br>*Counsel for Plaintiff Judy Hoyer, S.D.N.Y., 1:14-cv-01609-VSB* |
| Via Electronic Mail<br>John Franklin Garvish, II<br>McKool Smith<br>300 W. 6th Street<br>Suite 700<br>Austin, TX 7870`<br>Tel: (512) 692-8731<br>Fax: (512) 692-8744<br>jgarvish@mckoolsmith.com<br>*Counsel for Plaintiff Judy Hoyer, S.D.N.Y., 1:14-cv-01609-VSB* | Via Electronic Mail<br>William H. Narwold<br>Motley Rice LLC<br>One Corporate Center<br>20 Church Street, 17th Floor<br>Hartford, CT 06103<br>Tel:860-882-1676<br>Fax: 860-882-1682<br>bnarwold@motleyrice.com<br>*Counsel for Plaintiff Judy Hoyer, S.D.N.Y., 1:14-cv-01609-VSB* |
| Via Electronic Mail<br>Linda P. Nussbaum<br>Grant & Eisenhofer P.A. | Via Electronic Mail<br>Joseph W. Cotchett<br>Cotchett, Pitre & McCarthy, LLP |

| | |
|---|---|
| 485 Lexington Avenue<br>29th Floor<br>New York, NY 10017<br>Tel: (646) 722-8500<br>Fax: (212) 687-7714<br>lnussbaum@gelaw.com<br>  *Counsel for Plaintiff Henry A. Rocker,*<br>  *S.D.N.Y., 1:14-cv-01716-VSB and for Plaintiff*<br>  *David Rosenthal, S.D.N.Y. 1:14cv2219* | 840 Malcolm Road<br>Burlingame, CA 94010<br>Tel: (650) 697-6000<br>Fax: (650) 697-0577<br>jcotchett@cpmlegal.com<br>*Counsel for Plaintiff Richard Constantino,*<br>*S.D.N.Y., 1:14-cv-01836* |
| Via Electronic Mail<br>Jeffrey S. Goddess<br>Rosenthal, Monhait & Goddess, P.A.<br>Mellon Bank Center, Suite 1401<br>P.O. Box 1070<br>919 Market Street Wilmington, DE 19899-1070<br>(302) 656-4433<br>jgoddess@rmgglaw.com<br>  *Counsel for Plaintiff Linda Major, D. Del.,*<br>  *1:14-cv-0348-UNA* | Via Electronic Mail<br>Eric L. Cramer<br>Berger & Montague, P.C.<br>1622 Locust St.<br>Philadelphia, PA 19103<br>Tel: (215) 875-3000<br>Fax: (215) 875-4604<br>ecramer@bm.net<br>  *Counsel for Plaintiff Linda Major, D. Del.,*<br>  *1:14-cv-0348-UNA* |
| Via Electronic Mail<br>Glen DeValerio<br>Berman DeValerio<br>One Liberty Square<br>8th Floor<br>Boston, MA 02109<br>Tel: 617/542-8300<br>Fax: 617-542-1194<br>gdevalerio@bermandevalerio.com<br>  *Counsel for Plaintiff Sally Rizzo, D. Mass.,*<br>  *1:14-cv-11030* | Via Electronic Mail<br>Marvin A. Miller<br>Miller Law LLC<br>115 S. La Salle Street, Suite 2910<br>Chicago, IL 60603<br>Tel: 312-332-3400<br>mmiller@millerlawllc.com<br>  *Counsel for Plaintiff Sally Rizzo, D. Mass.,*<br>  *1:14-cv-11030* |
| Via Electronic Mail<br>Susan A. Bernstein<br>200 Highland Avenue, Suite 306<br>Needham, MA 02494-3035<br>Tel: 781-290-5858<br>Fax: 781-247-4266<br>susan@sabernlaw.com<br>  *Counsel for Plaintiff Sally Rizzo, D. Mass.,*<br>  *1:14-cv-11030* | Via Electronic Mail<br>Mary Jane Fait<br>Law Offices of Mary Jane Fait<br>115 S. La Salle Street, Suite 2910<br> Chicago, IL 60603<br>Tel: (847) 922-6729<br>maryjane15@mac.com<br>  *Counsel for Plaintiff Sally Rizzo, D. Mass.,*<br>  *1:14-cv-11030* |
| Via Electronic Mail<br>Aldo A Badini<br>Winston & Strawn LLP<br>200 Park Avenue<br>New York, NY 10166<br>Tel: (212) 294-4601 | Via Electronic Mail<br>Dan K. Webb<br>Winston & Strawn LLP<br>35 West Wacker Drive<br>Chicago, IL 60601<br>Tel: (312) 558-5856 |

| | |
|---|---|
| Fax: (212) 294-4700<br>abadini@winston.com<br>  *Counsel for Plaintiffs Treehouse Foods,*<br>  *Inc.,Sturm Foods, Inc. and Bay Valley Foods,*<br>  *LLC,  S.D.N.Y., 1:14-cv-00905* | Fax: (312) 558-5700<br>dwebb@winston.com<br>  *Counsel for Plaintiffs Treehouse Foods,*<br>  *Inc.,Sturm Foods, Inc. and Bay Valley*<br>  *Foods, LLC,  S.D.N.Y., 1:14-cv-00905* |
| Via Electronic Mail<br>Diana Lee Hughes<br>Winston & Strawn LLP<br>101 California Street, Suite 3900<br>San Francisco, CA 94111 Tel:  (415)-591-1000<br>Fax: (415)-591-1400<br>dhughes@winston.com<br>  *Counsel for Plaintiffs Treehouse Foods,*<br>  *Inc.,Sturm Foods, Inc. and Bay Valley Foods,*<br>  *LLC,  S.D.N.Y., 1:14-cv-00905* | Via Electronic Mail<br>  Daniel Johnson, Jr.<br>Morgan Lewis and Bockius LLP<br>Spear Street Tower<br>One Market Street<br>San Francisco, CA 94105<br>Tel:  415-442-1392<br>Fax: 415-442-1001<br>djjohnson@morganlewis.com<br>  *Counsel for Plaintiff JBR, Inc., Doing*<br>  *business as Rogers Family Company,  E.D.*<br>  *Cal., 2:14- cv-00677* |
| Via Electronic Mail<br>W. Joseph Bruckner<br>Lockridge Grindal Nauen P.L.L.P<br>100 Washington Avenue South<br>Suite 2200<br>Minneapolis, MN  55401<br>Tel:  (612) 339-6900<br>Fax:  (612) 339-0981<br>wjbruckner@locklaw.com<br><br><br>Max R. Schwartz<br>Scott and Scott LLP<br>405 Lexington Avenue<br>40th Floor<br>New York, NY  10174<br>Tel:  (212) 223-6444<br>Fax:  (212)- 223-6344<br>mschwartz@scott-scott.com<br>  *Counsel for Plaintiff Cusimano Carstar*<br>  *Collision Inc.*<br>  *S.D.N.Y. 1:14-cv-1963* | Via Electronic Mail<br>Robert S. Kitchenoff<br>Weinstein Kitchenoff & Asher LLC<br>1845 Walnut Street<br>Suite 1100<br>Philadelphia, PA  19104<br>Tel:  215-545-7200<br>Fax:  215-545-6365<br>kitchenoff@wka-law.com<br><br><br>John Anthony Kehoe<br>Girard Gibbs LLP<br>711 Third Avenue., 20th floor<br>New York, NY  10017<br>Tel:  212-867-1721<br>Fax:  212-867-1767<br>jak@girardgibbs.com<br>  *Counsel for Plaintiff Todd W. Springer,*<br>  *S.D.N.Y. 1:14cv2255* |

| | |
|---|---|
| Via Electronic Mail<br>Adam Giffords Kurtz<br>Pomerantz LLP<br>660 Third Avenue<br>20th Floor | Via Electronic Mail<br>  Samuel H. Rudman<br>  David A. Rosenfeld<br>  Robbins Geller Rudman & Dowd LLP<br>  58 S. Service Rd., Suite 200 |

| | |
|---|---|
| New York, NY 10016<br>Tel: 212-661-1100<br>Fax: 212-661-8685<br>AGKurtz@pomlaw.com<br>  *Counsel for Plaintiff Jeffrey Rosen*<br>  *S.D.N.Y. 1:14cv2255* | Melville, NY 11747<br>Tel: 631-367-7100<br>Fax: 631-367-1173<br>srudman@rgrdlaw.com<br>drosenfeld@rgrdlaw.com<br>*Counsel for Plaintiff Ken Overton*<br>*S.D.N.Y. 1:14cv2530* |
| Via Electronic Mail<br>Patrick J. Coughlin<br>Bonny E. Sweeney<br>Alexandra S. Bernay<br>Carmen A. Medici<br>Robbins Geller Rudman & Dowd LLP<br>655 W. Broadway, Suite 1900<br>San Diego, CO 92101<br>Tel: 619-231-1058<br>Fax: 619-231-7423<br>patc@rgrdlaw.com<br>bonnys@rgrdlaw.com<br>xanb@rgrdlaw.com<br>cmedici@rgrdlaw.com<br>*Counsel for Plaintiff Ken Overton*<br>*S.D.N.Y. 1:14cv2530* | Daniel E. Gustafson<br>Jason S. Kilene<br>Sara J. Payne<br>Gustafson Gluek PPLC<br>Canadian Pacific Plaza<br>120 S. Sixth St., Suite 2600<br>Minneapolis, MN 55402<br>Tel: 612-333-8844<br>dgustafson@gustafsongluek.com<br>jkilene@gustafsongluek.com<br>spayne@gustafsongluek.com<br>*Counsel for Plaintiff Matthew Hashem*<br>*S.D.N.Y. 1:14-cv-2582* |
| Arthur N. Bailey<br>Arthur N. Bailey & Associates<br>111 West Second St.<br>Jamestown, NY 14701<br>Tel: 716-664-2967<br>artlaw@windstream.net<br>  *Counsel for Plaintiff Matthew Hashem*<br>*S.D.N.Y. 1:14-cv-2582* | Kevin Landau<br>Archana Tamoshunas<br>Miles Greaves<br>Taus Cebulash & Landau, LLP<br>80 Maiden Lane, Suite 1204<br>New York, NY 10038<br>Tel: 212-931-0704<br>klandau@tcllaw.com<br>atamoshunas@tcllaw.com<br>mgreaves@tcllaw.com<br>*Counsel for Plaintiff Matthew Hashem*<br>*S.D.N.Y. 1:14-cv-2582* |

| | |
|---|---|
| Via Electronic Mail<br>Aldo A Badini<br>Winston & Strawn LLP<br>200 Park Avenue<br>New York, NY 10166<br>Tel: (212) 294-4601<br>Fax: (212) 294-4700<br>abadini@winston.com<br>  *Counsel for Plaintiffs Treehouse Foods,*<br>  *Inc.,Sturm Foods, Inc. and Bay Valley Foods,* | Via Electronic Mail<br>Dan K. Webb<br>Winston & Strawn LLP<br>35 West Wacker Drive<br>Chicago, IL 60601<br>Tel:  (312) 558-5856<br>Fax: (312) 558-5700<br>dwebb@winston.com<br>  *Counsel for Plaintiffs Treehouse Foods,*<br>  *Inc.,Sturm Foods, Inc. and Bay Valley* |

| | |
|---|---|
| *LLC, S.D.N.Y., 1:14-cv-00905* | *Foods, LLC, S.D.N.Y., 1:14-cv-00905* |
| Via Electronic Mail<br>Diana Lee Hughes<br>Winston & Strawn LLP<br>101 California Street, Suite 3900<br>San Francisco, CA 94111 Tel: (415)-591-1000<br>Fax: (415)-591-1400<br>dhughes@winston.com<br>  *Counsel for Plaintiffs Treehouse Foods,*<br>  *Inc.,Sturm Foods, Inc. and Bay Valley Foods,*<br>  *LLC, S.D.N.Y., 1:14-cv-00905* | Via Electronic Mail<br>  Daniel Johnson, Jr.<br>Morgan Lewis and Bockius LLP<br>Spear Street Tower<br>One Market Street<br>San Francisco, CA 94105<br>Tel: 415-442-1392<br>Fax: 415-442-1001<br>djjohnson@morganlewis.com<br>  *Counsel for Plaintiff JBR, Inc., Doing*<br>  *business as Rogers Family Company, E.D.*<br>  *Cal., 2:14- cv-00677* |
| Via Electronic Mail<br>W. Joseph Bruckner<br>Lockridge Grindal Nauen P.L.L.P<br>100 Washington Avenue South<br>Suite 2200<br>Minneapolis, MN 55401<br>Tel: (612) 339-6900<br>Fax: (612) 339-0981<br>wjbruckner@locklaw.com<br><br>Max R. Schwartz<br>Scott and Scott LLP<br>405 Lexington Avenue<br>40th Floor<br>New York, NY 10174<br>Tel: (212) 223-6444<br>Fax: (212)- 223-6344<br>mschwartz@scott-scott.com<br>  *Counsel for Plaintiff Cusimano Carstar*<br>  *Collision Inc.*<br>  *S.D.N.Y. 1:14-cv-1963* | Via Electronic Mail<br>Robert S. Kitchenoff<br>Weinstein Kitchenoff & Asher LLC<br>1845 Walnut Street<br>Suite 1100<br>Philadelphia, PA 19104<br>Tel: 215-545-7200<br>Fax: 215-545-6365<br>Kitchenoff@wka-law.com<br><br>John Anthony Kehoe<br>Girard Gibbs LLP<br>711 Third Avenue., 20th floor<br>New York, NY 10017<br>Tel: 212-867-1721<br>Fax: 212-867-1767<br>jak@girardgibbs.com<br>  *Counsel for Plaintiff Todd W. Springer,*<br>  *S.D.N.Y. 1:14cv2255* |
| Via Electronic Mail<br>Lester L. Levy<br>Patricia I. Avery<br>Fei-Lu Qian<br>Wolf Popper LLP<br>845 Third Ave., 12th Floor<br>New York, NY 10022<br>Tel: (212) 759-4600<br>llevy@wolpopper.com<br>pavery@wolfpopper.com<br>fqian@wolfpopper.com | Via Electronic Mail<br>Richard J. Vita<br>Vita Law Offices PC<br>100 State Street, 9th Floor<br>Boston, MA 02109<br>Tel: (617) 426-6566<br>Fax: (617) 249-2119<br>rjv@vitalaw.com<br>  *Counsel for Plaintiff James Long*,<br>  *S.D.N.Y. 1:14-cv-2670* |

| | |
|---|---|
| *Counsel for Plaintiff James Long*, S.D.N.Y. 1:14-cv-2670 | |
| Via Electronic Mail<br>Curtis V. Trinko<br>Jennifer E. Traystman<br>C. William Margrabe<br>Law Offices of Curtis V. Trinko, LLP<br>16 W. 46th St., 7th Floor<br>New York, NY 10036<br>Tel: (212) 490-9550<br>Fax: (212) 986-0158<br>ctrinko@trinko.com<br>*Counsel for Plaintiff Kenneth B. Burkley, S.D.N.Y. 14-cv-2692* | Via Electronic Mail<br>Alfred G. Yates, Jr.<br>Gerald L. Rutledge<br>Law Offices of Alfred G. Yates, Jr. P.C.<br>519 Allegheny Building<br>429 Forbes Ave.<br>Pittsburgh, PA 15219<br>Tel: (412) 319-5164<br>Fax: (412) 471-1033<br>yateslaw@aol.com<br>*Counsel for Plaintiff Kenneth B. Burkley, S.D.N.Y. 14-cv-2692* |
| Via Electronic Mail<br>Patrick C. Cooper<br>James S. Ward<br>Ward & Wilson<br>2100 Southbridge Parkway<br>Suite 580<br>Birmingham, AL 35209<br>Tel: (205) 871-5549<br>Fax: (205) 871-5758<br>patrickcharles003@yahoo.com<br>*Counsel for Plaintiff Kenneth B. Burkley, S.D.N.Y. 14-cv-2692* | |